TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 699-8693
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Zachary Huey

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary Huey,<br><br>    Plaintiff,<br><br>    vs.<br><br>DriveTime Automotive Group Inc.; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Zachary Huey, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and Defendants' repeated invasions of Plaintiff's personal privacy.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Zachary Huey (hereafter "Plaintiff"), is an adult individual residing in Drummonds, Tennessee, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

5. The Defendant, DriveTime Automotive Group Inc. (hereafter "DriveTime"), is a company with an address of 4020 East Indian School Road, Phoenix, Arizona 85018, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by DriveTime and whose identities are currently unknown to the Plaintiff. One or more

of the Agents may be joined as parties once their identities are disclosed through discovery.

7.  DriveTime at all times acted by and through one or more of the Agents.

## FACTS

8.  Within the last four years, DriveTime began placing calls to Plaintiff's cellular telephone in an attempt to collect on a car loan.

9.  At all times mentioned herein, DriveTime placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10. When Plaintiff answered the calls from DriveTime, he was met with a prerecorded message, asking him to return DriveTime's call.

11. On other occasions, when Plaintiff answered the calls from DriveTime, he experienced a significant delay and heard background noise before being connected to a live person.

12. Plaintiff never provided his cellular telephone number to DriveTime and never provided his consent to DriveTime to be contacted on his cellular telephone number.

13. Furthermore, Plaintiff instructed DriveTime to stop calling him dozens of times.

14. Despite Plaintiff's repeated and unequivocal requests that all calls cease, DriveTime continued calling Plaintiff's cellular telephone number at an excessive and harassing rate.

3

15. The calls caused Plaintiff a great deal of frustration and intruded on his privacy and his right to be free from unwanted invasions.

## **COUNT I**

## **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**

## **47 U.S.C. § 227, et seq.**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. At all times mentioned herein, DriveTime called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

18. Plaintiff never provided his cellular telephone number to DriveTime and never provided his consent to DriveTime to contact him on his cellular telephone.

19. Without prior consent and over Plaintiff's objections, DriveTime called Plaintiff on his cellular telephone using an automated or prerecorded voice, in violation of 46 U.S.C. § 227(b)(1)(A)(iii).

20. DriveTime continued to place automated calls to Plaintiff, despite his repeated requests that the calls stop. By continuing to place automated calls to Plaintiff while knowing that he did not want to be called, the calls were made in knowing and/or willful violation of the TCPA, and are subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022.

22. DriveTime's telephone systems have the earmarks of a predictive dialer.

23. Upon information and belief, DriveTime's telephone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

24. When Plaintiff answered DriveTime's calls, he would hear a prerecorded voice, instructing him to return a call to DriveTime.

25. At other times, Plaintiff would encounter a significant delay and would hear background noise before being transferred to a live representative.

26. The telephone number called by DriveTime was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

27. The calls from DriveTime to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## COUNT II

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

30. Arizona further recognizes the Plaintiff's right to be free from invasions of privacy; thus, Defendants violated Arizona state law.

31. Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced phone calls.

32. The telephone calls made by Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

33. The conduct of Defendants in placing the above-referenced automated and prerecorded calls resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

34. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

35. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages;

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: August 7, 2014                    LEMBERG LAW, LLC


By: __/s/ Trinette G. Kent__
Trinette G. Kent

Attorney for Plaintiff,
Zachary Huey